**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| RO'CEME JETHROW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:19-00314** |
| | ) | |
| DAVID RICH, Acting Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.    Criminal Action No. 4:08-cr-00520:**

On August 26, 2009, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a)(d) (Count 1); three counts of Armed Carjacking in violation of 18 U.S.C. § 2119 (Counts 2 – 4); and one count of Using, Carrying, and Discharging a Firearm during A Crime of Violation in violation of 18 U.S.C. § 924(c)(1) (Count 5)[1]. Jethrow v. United States, Case No. 4:08-cr-00520

---

[1] In *Johnson*, the United States Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that

(N.D.Ohio Nov. 20, 2009), Document Nos. 53 and 55. On November 20, 2009, the District Court sentenced Petitioner to "two hundred forty months on Count One, and one hundred eighty months on Counts Two, Three and Four to run concurrent" and "[a] term of one hundred twenty months on Count Five to run consecutive for a total sentence of three hundred sixty months." Id., Document Nos. 59 and 61. On December 29, 2009, Petitioner filed his Notice of Appeal. Id., Document No. 63. Petitioner filed a motion to voluntarily dismiss his appeal, which was granted by the Sixth Circuit on October 4, 2010. United States v. Jethrow, Case No. 09-4593 (6th Cir. 2010), Document Nos. 49 – 51.

**B.     First Section 2255 Motion:**

On May 13, 2014, Petitioner filed in the Northern District of Ohio a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 Jethrow, Case No. 4:08-cr-00520, Document No. 78. In his Section 2255 Motion, Petitioner asserted the following: (1) Trial counsel was ineffective in failing to investigation Petitioner's mental capacity; and (2) Petitioner's guilty plea

---

a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). In *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended *Johnson* and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. The definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). The undersigned notes that since the filing of the instant Petition, the Supreme Court also issued its decision in *Davis*. In *Davis*, the Supreme Court determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). The record reveals that the predicate offense for Petitioner's Section 924(c) conviction was an armed bank robbery charge as contained in Count One of his Indictment. *Jethrow*, Case No. 4:08-cr-00520, Document No. 10, p. 3. The Sixth Circuit has stated that "it is well-established that armed bank robbery under 18 U.S.C. § 2113 qualifies as a crime of violence under the elements clause." *Thorns v. United States*, 2020 WL 1847881 (6th Cir. 2020), *citing United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). Therefore, the undersigned concludes Petitioner would not be entitled to relief under *Davis*.

was made unknowingly and involuntarily. Id. The United States filed its Response in Opposition on June 30, 2014 Id., Document No. 82. On August 1, 2014, Petitioner filed his Reply. Id., Document No. 83. By Memorandum Opinion and Order entered on November 24, 2014, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 84 and 85. On January 12, 2015, Petitioner filed his Notice of Appeal. Id., Document No. 86. On June 8, 2015, the Sixth Circuit denied Petitioner's certificate of appealability. Id., Document No. 88.

**C.     Motion for Authorization to File a Successive Section 2255 Motion:**

On September 26, 2016, Petitioner filed his Motion for Authorization to File a Successive Section 2255 Motion with the Sixth Circuit. In re: Ro'Ceme Jethrow, Case No. 16-4093 (6th Cir. 2016), Document No 1. On October 31, 2016, Petitioner filed his Corrected Motion. Id., Document No. 4. In support, Petitioner argued as follows: (1) Petitioner's sentence was invalid in light of Johnson v. United States, 135 S.Ct. 2551(2015); and (2) The sentencing court improperly calculated his criminal history score. Id. By Order filed on April 17, 2017, the Sixth Circuit denied Petitioner's Motion. Id., Document No. 11. The Sixth Circuit stated, in pertinent part, as follows:

> Jethrow's argument concerning the alleged improper calculation of his criminal history points does not rely on a new rule of constitutional law. In addition, this reliance on *Johnson* is unavailing. In *Johnson*, 135 S.Ct. at 2563, the Supreme Court recently held that the rule announced in *Johnson* does not apply to the advisory sentencing guidelines. *See Beckles v. United States*, 137 S.Ct. 886, 2017 WL 855781, at * 11 (U.S. Mar. 6, 2017)(holding that, because the guidelines "are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness"). In any event, Jethrow was not sentenced under the residual clause of either the ACCA or United States sentencing Guidelines § 4B1.1. Rather, the record reflects that his sentence was imposed based on the agreed-upon sentence set forth in his binding Rule 11(c)(1)(C) plea agreement.

**D.     Instant Section 2241 Petition:**

On April 24, 2019, Petitioner, acting *pro se*, filed his instant Application Under 28 U.S.C.

3

§ 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. [2] (Civil Action No. 1:19-00314, Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence citing <u>Johnson v. United States</u>, 135 S.Ct. 2551(2015), <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016), and <u>Descamps v. United States</u>, 133 S.Ct. 227 (2013). (<u>Id.</u>) Petitioner explains that his state conviction for burglary in the fourth degree was considered as a "crime of violence" in determining his criminal history and increasing his Sentencing Guideline range. (<u>Id.</u>) Specifically, Petitioner states that the sentencing court incorrectly applied "2 point pursuant to U.S.S.G. § 4A1.1(b) and 4A1.2(k) which enhanced his prior criminal history in points and levels." (<u>Id.</u>) Based upon <u>Johnson</u>, <u>Mathis</u>, and <u>Descamps</u>, Petitioner argues that burglary in the fourth degree fails to qualify as a "crime of violence." (<u>Id.</u>) Petitioner notes that his "guideline range was a relevant part of the analytic frame-work the judge used to determine the sentence or approve the [plea] agreement." (<u>Id.</u>) Petitioner argues this Court has jurisdiction to consider the above challenge based upon <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (2018). (<u>Id.</u>)

By Order entered on May 1, 2019, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On June 6, 2019, Respondent filed his Response to Order to Show Cause. (Document No. 10.) Respondent argues that this Court should dismiss Petitioner's Petition based on the following: (1) "Jethrow has filed an improper second or successive motion under 28 U.S.C. § 2255 petition in the incorrect judicial district;" and (2) "Jethrow has not met his burden of demonstrating that a §

---

[2]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2255 motion 'is inadequate or ineffective to test the legality of his detention' and even if he could meet that burden, his argument does not have merit because he did not received a federal sentence enhancement under the ACCA." (Id.) Therefore, Respondent requests that this matter be dismissed, or in the alternative, transferred to the Northern District of Ohio or the Sixth Circuit Court of Appeals. (Id.)

By Order and Notice entered on June 7, 2019, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document 11.) On July 22, 2019, Petitioner filed his Reply. (Document No. 12.) Petitioner contends he can meet the Wheeler requirements because "had the 'crime of violence' enhancement 'been properly considered under now-applicable Supreme Court precedent, Petitioner would not have been treated as a violent offender." (Id.) Petitioner argues that he was enhanced under 924(e) or the ACCA. (Id.)

**E.    Motion for Compassionate Release:**

On October 19, 2020, Petitioner, by counsel, filed in the Northern District of Ohio a Motion for Compassionate Release. Jethrow, Case No. 4:08-cr-00520, Document No. 114. The United States filed its Response on November 2, 2020. Id., Document No. 117. By Order entered on November 20, 2020, the sentencing court denied Petitioner's Motion for Compassionate Release. Id., Document No. 119.

<u>**ANALYSIS**</u>

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific

5

grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Northern District of Ohio. Specifically, Petitioner alleges that his sentence is invalid based upon Johnson, Mathis, and Descamps. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed.

Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Ohio. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[3]

---

[3]  Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§

---

that no reasonable factfinder would have found the petitioner guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). The undersigned further notes that the Sixth Circuit denied Petitioner authorization to file a successive Section 2255 Motion based upon *Johnson*.

2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. To the extent Petitioner relies upon Johnson, Petitioner cannot satisfy the criteria of either Jones or Wheeler. In light of Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the above decision is a new rule of constitutional law that may be applied retroactively on collateral review. As explained above, Petitioner sought and was denied authorization to file a successive Section 2255 Motion based upon Johnson because Johnson was inapplicable. As stated above, the fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. Next, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Mathis and Descamps[5] is misplaced as neither apply retroactively in this Circuit. See Cox v. Wilson, 2018

---

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader

WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Additionally, Petitioner's reliance upon Johnson to challenge the validity of his Sentencing Guideline range is without merit. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. Beckles v. United States, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Furthermore, Petitioner is clearly challenging his sentencing enhancement under the advisory Guidelines. In United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015), the

---

than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 941. Thus, Petitioner cannot satisfy the fourth Wheeler requirement based upon his claim of error in the application of the advisory Guidelines. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018)(recognizing that a petitioner could not satisfy the fourth *Wheeler* requirement ("error sufficiently grave to be deemed a fundamental defect)" based upon the petitioner's misclassification as a career offender under the advisory Guidelines); also see Kornegay v. Warden, 748 Fed.Appx. 513, 514 (4th Cir. 2019)(finding petitioner could not satisfy the fourth *Wheeler* requirement because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition). Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 6, 2021.



Omar J. Aboulhosn
United States Magistrate Judge